UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ADAM MAZUR, | ) | CASE NO.: 1:25-CV-00922 |
| | ) | |
| Plaintiff, | ) | JUDGE: SOLOMON OLIVER, JR. |
| | ) | |
| vs. | ) | **ANSWER OF DEFENDANTS** |
| | ) | |
| MAYOR TREVOR ELKINS, et al., | ) | |
| | ) | *(Jury Demand Endorsed Hereon)* |
| Defendants. | ) | |

Now come Defendants, Mayor Trevor Elkins, Village of Newburgh Heights, Police Chief John Majoy, Lt. Michael Marniella, Newburgh Heights Police Department and William Dunman, by and through counsel Mazanec, Raskin & Ryder Co., L.P.A., and for their answer to Plaintiff's Complaint state as follows:

1. Defendants deny or deny for want of information all allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. In reply to the allegations contained in Paragraph 2 and 3 of Plaintiff's Complaint, Defendants admit the nature of this action and this Court's subject matter jurisdiction under 28 U.S.C. § 1331 and 1343 and venue is proper in the Northern District of Ohio. Further answering, Defendants deny all liability and further deny or deny for want of information all other allegations contained in Paragraphs 2 and 3.

3. Defendants deny or deny for want of information all allegations contained in Paragraph 4 of Plaintiff's Complaint.

4. In reply to the allegations contained in Paragraphs 5 and 6 of the Complaint, Defendants aver that said paragraphs attempt to state a legal conclusion to which there can be no

admission or denial. Further answering, Defendants deny all liability and deny or deny for want of information all allegations contained in said Paragraphs 5 and 6.

5. In reply to the allegations contained in Paragraphs 7, 8, and 9 of Plaintiff's Complaint, Defendants admit that John Majoy was Chief of Police for the Newburgh Heights Police Department at all times relevant to this lawsuit; that at all times relevant he acted pursuant to his employment with Newburgh Heights; and that the Newburgh Heights Police Department implemented policies and procedures relating to John Majoy's employment with Newburgh Heights. Further answering, Defendants admit Newburgh Heights is a political subdivision pursuant to Revised Code Chapter 2744. Further answering, Defendants aver that said paragraphs attempt to state legal conclusions to which there can be no admission or denial. Further answering, Defendants deny all liability and further deny or deny for want of information all other allegations contained in Paragraphs 7, 8, and 9.

6. In reply to the allegations contained in Paragraphs 10, 11, 12, and 13 of Plaintiff's Complaint, Defendants admit that Michael Marniella was and is a Lieutenant with the Newburgh Heights Police Department; that at all times relevant he acted pursuant to his employment with Newburgh Heights; and that the Newburgh Heights Police Department implemented policies and procedures relating to Michael Marniella's employment with Newburgh Heights. Further answering, Defendants admit Newburgh Heights is a political subdivision pursuant to Revised Code Chapter 2744. Further answering, Defendants aver that said paragraphs attempt to state legal conclusions to which there can be no admission or denial. Further answering, Defendants deny all liability and further deny or deny for want of information all other allegations contained in Paragraphs 10, 11, 12, and 13.

7. In reply to the allegations contained in Paragraphs 14, 15, and 16 of Plaintiff's Complaint, Defendants admit that Trevor Elkins was a candidate for Mayor or has been and currently is the Mayor of Newburgh Heights. Further answering, Defendants admit Newburgh Heights is a political subdivision pursuant to Revised Code Chapter 2744. Further answering, Defendants aver that said paragraphs attempt to state legal conclusions to which there can be no admission or denial. Further answering, Defendants deny all liability and further deny or deny for want of information all other allegations contained in Paragraphs 14, 15 and 16.

8. In reply to the allegations contained in Paragraphs 17, 18, and 19 of Plaintiff's Complaint, Defendants admit that William Dunman was and is a city council member of Newburgh Heights at all times relevant to this lawsuit and that at all relevant times William Dunman was acting in his capacity as an official of Newburgh Heights. Further answering, Defendants admit Newburgh Heights is a political subdivision pursuant to Revised Code Chapter 2744. Further answering, Defendants deny all liability and further deny or deny for want of information all other allegations contained in Paragraphs 17, 18 and 19.

9. Defendants deny or deny for want of information all allegations contained in Paragraph 20 of Plaintiff's Complaint.

10. Defendants admit the allegations contained in Paragraphs 21.

11. Defendants deny or deny for want of information all allegations contained in Paragraphs 22, 23, 24, 25, and 26 of Plaintiff's Complaint.

12. In reply to the allegations contained in Paragraph 27 of Plaintiff's Complaint, Defendants admit that Mayor Elkins created the website "adammazur.net". Further answering, Defendants deny or deny for want of information all other allegations contained in Paragraph 27.

3

13. Defendants deny or deny for want of information all allegations contained in Paragraphs 28 of Plaintiff's Complaint.

14. In reply to the allegations contained in Paragraphs 29, 30, 31, 32, and 33 of Plaintiff's Complaint, Defendants admit that Mayor Elkins created the websites "toddjknight.com," "anthonydattilo.com," "nickzbasnik.com," "hehitswomen.com," and "tonyhiresprostitutes.com". Further answering, Defendants deny all liability and further deny or deny for want of information all other allegations contained in Paragraphs 29, 30, 31, 32, and 33 of Plaintiff's Complaint.

15. Defendants deny or deny for want of information all allegations contained in Paragraph 34 of Plaintiff's Complaint.

16. In reply to the allegations contained in Paragraphs 35 and 36 of Plaintiff's Complaint, Defendants admit that Mayor Elkins resigned as mayor of Newburgh Heights in 2022. Further answering, Defendants admit that Mayor Elkins announced he would run for mayor of Newburgh Heights on or about May 2023. Further answering, Defendants deny all liability and further deny or deny for want of information all other allegations contained in Paragraphs 35 and 36 of Plaintiff's Complaint.

17. Defendants deny or deny for want of information all allegations contained in Paragraph 37 of Plaintiff's Complaint.

18. In reply to the allegations contained in Paragraphs 38 and 39 of Plaintiff's Complaint, Defendants admit that Mayor Elkins used ClickFunnels as the host for websites. Further answering, Defendants deny or deny for want of information all other allegations contained in Paragraphs 38 and 39 of Plaintiff's Complaint.

19. In reply to the allegations contained in Paragraphs 40, 41, and 42 of Plaintiff's Complaint, Defendants admit that on or about January 2, 2024, Plaintiff sent multiple threatening texts messages to Defendant Dunman. Further answering, Defendants deny all liability and further deny or deny for want of information all other allegations contained in Paragraphs 40, 41, and 42 of Plaintiff's Complaint.

20. In reply to the allegations contained in Paragraphs 43, 44, and 45 of Plaintiff's Complaint, Defendants admit that in response to Plaintiff's threatening text messages, Defendant Dunman informed Defendants Majoy and Elkins of their contents, which were then investigated by Defendant Majoy and the Newburgh Heights Police Department. Further answering, Defendants deny or deny for want of information all other allegations contained in Paragraphs 43, 44, and 45 of Plaintiff's Complaint.

21. In reply to the allegations contained in Paragraph 46 of Plaintiff's Complaint, Defendants admit that Defendant Dunman filed a civil stalking protection order against Plaintiff on or about January 5, 2024. Further answering, Defendants deny or deny for want of information all other allegations contained in Paragraph 46 of Plaintiff's Complaint.

22. In reply to the allegations contained in Paragraphs 47, 48, and 49 of Plaintiff's Complaint, Defendants admit Defendant Majoy attended and testified at the civil protection order hearing on or about February 27, 2024. Further answering, Defendants deny or deny for want of information all other allegations contained in Paragraphs 47, 48, and 49 of Plaintiff's Complaint.

23. Defendants deny or deny for want of information all allegations contained in Paragraph 50 of Plaintiff's Complaint.

24. In reply to the allegations contained in Paragraphs 51 and 52 of Plaintiff's Complaint, Defendants admit Magistrate Joseph Jackson denied Defendant Dunman's civil

protection order following a hearing on the issue, a decision later adopted by Judge Nancy Fuerst on or about March 11, 2024. Further answering, Defendants deny all liability and further deny or deny for want of information all other allegations contained in Paragraphs 51 and 52 of Plaintiff's Complaint.

25. Defendants deny or deny for want of information all allegations contained in Paragraph 53 of Plaintiff's Complaint.

26. In reply to the allegations contained in Paragraph 54 of Plaintiff's Complaint, Defendants admit that following an investigation, Plaintiff was charged with coercion and telecommunications harassment, and two arrest warrants, reviewed and approved by Judge Sergio DiGeronimo, were executed against Plaintiff. Further answering, Defendants deny all liability and further deny or deny for want of information all other allegations contained in Paragraph 54 of Plaintiff's Complaint.

27. Defendants deny or deny for want of information all allegations contained in Paragraphs 55, 56, 57, 58, 59, 60, and 61 of Plaintiff's Complaint.

28. In reply to the allegations contained in Paragraph 62 of Plaintiff's Complaint, Defendants admit that Plaintiff turned himself in at the Newburgh Heights Police on or about May 10, 2024. Further answering, Defendants deny all liability and further deny or deny for want of information all other allegations contained in Paragraph 62 of Plaintiff's Complaint

29. In reply to the allegations contained in Paragraph 63 of Plaintiff's Complaint, Defendants admit that trial on Plaintiff's criminal case CRB 2400657 began on or about October 21, 2024 before Judge Ralph Perk, Jr. Further answering, Defendants deny all liability and further deny or deny for want of information all other allegations contained in Paragraph 63 of Plaintiff's Complaint.

30. Defendants deny or deny for want of information all allegations contained in Paragraphs 64 and 65 of Plaintiff's Complaint.

31. In reply to the allegations contained in Paragraph 66 of Plaintiff's Complaint, Defendants admit that trial on Plaintiff's criminal case CRB 2400657 concluded when Judge Ralph Perk, Jr granted a directed verdict in Plaintiff's favor. Further answering, Defendants deny all liability and further deny or deny for want of information all other allegations contained in Paragraph 66 of Plaintiff's Complaint.

32. Defendants deny or deny for want of information all allegations contained in Paragraphs 67, 68, 69, 70, 71, and 72 of Plaintiff's Complaint.

33. In reply to the allegations contained in Paragraph 73 of Plaintiff's Complaint, Defendants reallege and reaver all the admissions, averments, and denials contained in Paragraphs 1 through 33 of their Answer as if fully rewritten herein.

34. Defendants deny or deny for want of information all allegations contained in Paragraphs 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, and 86 of Plaintiff's Complaint.

35. In reply to the allegations contained in Paragraph 87 of Plaintiff's Complaint, Defendants admit that trial on Plaintiff's criminal case CRB 2400657 concluded when Judge Ralph Perk, Jr granted a directed verdict in Plaintiff's favor. Further answering, Defendants deny all liability and further deny or deny for want of information all other allegations contained in Paragraph 87 of Plaintiff's Complaint.

36. Defendants deny or deny for want of information all allegations contained in Paragraphs 88, 89, and 90 of Plaintiff's Complaint.

37. In reply to the allegations contained in Paragraph 91 of Plaintiff's Complaint, Defendants reallege and reaver all the admissions, averments, and denials contained in Paragraphs 1 through 37 of their Answer as if fully rewritten herein.

38. In reply to the allegations contained in Paragraph 92 of Plaintiff's Complaint, Defendants admit that Defendant Majoy is the Chief of Police of the Newburgh Heights Police Department. Further answering, Defendants deny all liability and further deny or deny for want of information all other allegations contained in Paragraph 92 of Plaintiff's Complaint.

39. Defendants deny or deny for want of information all allegations contained in Paragraphs 93, 94, 95, 96, 97, 98, 99, 100, 101, and 102 of Plaintiff's Complaint.

40. In reply to the allegations contained in Paragraph 103 of Plaintiff's Complaint, Defendants reallege and reaver all the admissions, averments, and denials contained in Paragraphs 1 through 40 of their Answer as if fully rewritten herein.

41. Defendants deny or deny for want of information all allegations contained in Paragraphs 104, 105, 106, 107, 108, 109, and 110 of Plaintiff's Complaint.

42. In reply to the allegations contained in Paragraph 111 of Plaintiff's Complaint, Defendants reallege and reaver all the admissions, averments, and denials contained in Paragraphs 1 through 42 of their Answer as if fully rewritten herein.

43. Defendants deny or deny for want of information all allegations contained in Paragraphs 112, 113, 114, 115, 116, and 117 of Plaintiff's Complaint.

44. In reply to the allegations contained in Paragraph 118 of Plaintiff's Complaint, Defendants reallege and reaver all the admissions, averments, and denials contained in Paragraphs 1 through 44 of their Answer as if fully rewritten herein.

45. Defendants deny or deny for want of information all allegations contained in Paragraphs 119 and 120 of Plaintiff's Complaint.

46. In reply to the allegations contained in Paragraph 121 of Plaintiff's Complaint, Defendants reallege and reaver all the admissions, averments, and denials contained in Paragraphs 1 through 46 of their Answer as if fully rewritten herein.

47. Defendants deny or deny for want of information all allegations contained in Paragraphs 122, 123, and 124 of Plaintiff's Complaint.

48. In reply to the allegations contained in Paragraph 125 of Plaintiff's Complaint, Defendants reallege and reaver all the admissions, averments, and denials contained in Paragraphs 1 through 48 of their Answer as if fully rewritten herein.

49. Defendants deny or deny for want of information all allegations contained in Paragraphs 126, 127, 128, and 129 of Plaintiff's Complaint.

50. In reply to the allegations contained in Paragraph 130 of Plaintiff's Complaint, Defendants reallege and reaver all the admissions, averments, and denials contained in Paragraphs 1 through 50 of their Answer as if fully rewritten herein.

51. Defendants deny or deny for want of information all allegations contained in Paragraphs 131, 132, 133, 134, 135, 136, and 137 of Plaintiff's Complaint.

52. In reply to the allegations contained in Paragraph 138 of Plaintiff's Complaint, Defendants reallege and reaver all the admissions, averments, and denials contained in Paragraphs 1 through 52 of their Answer as if fully rewritten herein.

53. Defendants deny or deny for want of information all allegations contained in Paragraphs 139, 140, 141, 142, and 143 of Plaintiff's Complaint.

54. In reply to the allegations contained in Paragraph 144 of Plaintiff's Complaint, Defendants reallege and reaver all the admissions, averments, and denials contained in Paragraphs 1 through 54 of their Answer as if fully rewritten herein.

55. Defendants deny or deny for want of information all allegations contained in Paragraphs 145, 146, 147, and 148 of Plaintiff's Complaint.

56. In reply to the allegations contained in Paragraph 149 of Plaintiff's Complaint, Defendants reallege and reaver all the admissions, averments, and denials contained in Paragraphs 1 through 56 of their Answer as if fully rewritten herein.

57. Defendants deny or deny for want of information all allegations contained in Paragraphs 150, 151, 152, and 153 of Plaintiff's Complaint.

58. Defendants deny any and all allegations contained in Plaintiff's Complaint that are not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

59. Plaintiff's Complaint fails to state a claim upon which relief can be granted in some or all respects.

### SECOND DEFENSE

60. Plaintiff's own acts and/or omissions were the sole proximate cause of any injuries or damages alleged in this action.

### THIRD DEFENSE

61. Defendants are entitled to all immunities, defenses, damage limitations, damage set offs and other benefits conferred upon them by R.C. Chapter 2744 and/or Ohio common law by reasons of their status as a political subdivision or an employee of a political subdivision in the State of Ohio.

10

**FOURTH DEFENSE**

62. These Defendants acted at all times material herein in good faith and with probable cause and are entitled to good faith/qualified immunity from all claims presented in this lawsuit.

**FIFTH DEFENSE**

63. Statute of limitations

**SIXTH DEFENSE**

64. This Defendant at all times acted in good faith and pursuant to law.

**SEVENTH DEFENSE**

65. Plaintiff's allegations are barred under the principles of waiver, consent, and/or estoppel.

**EIGHTH DEFENSE**

66. The Newburgh Heights Police Department is not sui juris.

**NINTH DEFENSE**

67. Plaintiff's claims are barred, in whole or in part, by its own unclean hands, and/or Plaintiff's own bad faith.

**TENTH DEFENSE**

68. Any public statements made regarding Plaintiff were true, a matter of public record, and protected speech.

**ELEVENTH DEFENSE**

69. Plaintiff's conspiracy claims are barred by the intracorporate conspiracy doctrine.

**TWELFTH DEFENSE**

70. Plaintiffs' allegations of conspiracy are vague and/or conclusory and therefore insufficient to establish a conspiracy under 42 U.S.C. § 1985 or other law.

**THIRTEENTH DEFENSE**

71. These Defendants reserve the right to supplement or amend their Affirmative Defenses as information becomes available through discovery.

WHEREFORE, having fully answered, Defendants pray that Plaintiff's Complaint be dismissed, and that they go hence without cost or delay.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/John D. Pinzone*
JOHN D. PINZONE (0075279)
ZACHARY W. ANDERSON (0095921)
SARAH C. CHIAPPONE (0101179)
100 Franklin's Row
34305 Solon Road
Cleveland, OH  44139
(440) 248-7906
(440) 248-8861 – Fax
Email:   jpinzone@mrrlaw.com
         zanderson@mrrlaw.com
         schiappone@mrrlaw.com

*Counsel for Defendants Mayor Trevor Elkins, Village of Newburgh Heights, Police Chief John Majoy, Lt. Michael Marniella, Newburgh Heights Police Department and William Dunman*

### JURY DEMAND

A trial by jury composed of the maximum number of jurors permitted under the law is hereby demanded.

*s/John D. Pinzone*
JOHN D. PINZONE (0075279)
ZACHARY W. ANDERSON (0095921)
SARAH C. CHIAPPONE (0101179)

*Counsel for Defendants Mayor Trevor Elkins, Village of Newburgh Heights, Police Chief John Majoy, Lt. Michael Marniella, Newburgh Heights Police Department and William Dunman*

### CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2025, a copy of the foregoing ***Answer of Defendants Mayor Trevor Elkins, Village of Newburgh Heights, Police Chief John Majoy, Lt. Michael Marniella, Newburgh Heights Police Department and William Dunman*** was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/John D. Pinzone*
JOHN D. PINZONE (0075279)
ZACHARY W. ANDERSON (0095921)
SARAH C. CHIAPPONE (0101179)

*Counsel for Defendants Mayor Trevor Elkins, Village of Newburgh Heights, Police Chief John Majoy, Lt. Michael Marniella, Newburgh Heights Police Department and William Dunman*